# IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
## LITTLE ROCK CIVIL DIVISION
600 West Markham, Little Rock, Arkansas 72201
Phone: (501) 371-4727 or (501) 371-4529

CIVIL DIVISION ✓     SMALL CLAIMS _____

## COMPLAINT FORM

Plaintiff: **Inyong Park**

vs.

Defendant: **Wells Fargo Bank, N.A.**

CASE NO: **LRCV-25-1358**

Plaintiff's Address: 12710 Misty Creek Dr Little Rock Ar 72211 Phone: 501 613 3180 Email: ipark@philander.

Defendant's Address: 420 Montgomery St. San Francisco CA Phone: _____ Email: _____

Nature of Claim: identity theft, erroneous billing, breach of contractions, credit report violati

Amount of Relief Claimed: $ 18000    Date Claim Arose: Jan 24 2023

Agent of Service for Corporation (DEFENDANT'S): Jeff Johnson

Address: Cooperation Service Company, 300 Spring building, 300 South Spring St, Suite 900, Little Rock A 7221

Facts Explaining Claim: See attached complaint for detailed factual allegations

Plaintiff's Attorney, if any, and Address: _____

_____
Signature of Plaintiff or Plaintiff's Attorney

Total amount for which plaintiff may take judgment:

| | |
|---|---|
| CLAIM AMOUNT | $ 18,000 |
| COURT FEE | $ 82.50 |
| SERVICE FEE | $ 30.00 |
| TOTAL | $ 18112.50 |

## SUMMONS AND NOTICE TO DEFENDANT

You are hereby warned to file a <u>written answer</u> with the clerk of the court within <u>30 days</u> after the date that you receive this complaint and to send a copy to the plaintiff or to his/her attorney. If you do not file an answer within 30 days, or if you fail to file an answer, a default judgment may be entered against you.

_____
Signature of Clerk

**MAY 15 2025**

## PROOF OF SERVICE

STATE OF ARKANSAS
CITY OF _____

I, _____, hereby certify that I served the within complaint and summons on _____ [defendant] at _____ [address] on _____ [date] at _____ o'clock _____ .m. by _____ [state method of service].

_____
Signature

_____
Printed Name, Office and Badge Number

Subscribed and sworn to before me this ____ day of _____, 2____. [To be completed if service is by someone other than sheriff or constable.]

_____
Notary Public

My Commission Expires:

Complaint of Inyong Park

# IN THE PULASKI COUNTY DISTRICT COURT – LITTLE ROCK DIVISION

Inyong Park
Plaintiff

12710 Misty Creek Dr.
Little Rock, AR 72211
ipark@philander.edu

v.

Wells Fargo Bank, N.A.
Defendant.


COMPLAINT FOR RESOLUTION OF IDENTITY THEFT, ERRONEOUS BILLING, AND DAMAGES

Plaintiff, Inyong Park, for his Complaint against Defendant Wells Fargo Bank, N.A., respectfully states as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff, Inyong Park, is a resident of Pulaski County, Arkansas, residing at 12710 Misty Creek Dr., Little Rock, Arkansas 72211.

2. Defendant, Wells Fargo Bank, N.A., is a national bank and corporation with its principal place of business located at 420 Montgomery St., San Francisco, California. Wells Fargo does business in Pulaski County, Arkansas, and is registered to do business in the state of Arkansas.

3. Venue is proper in this court pursuant to Ark. Code Ann. § 16-60-101, because the events giving rise to this complaint occurred in Pulaski County, and the Defendant conducts business within this jurisdiction.

## II. FACTUAL ALLEGATIONS

**1.** Beginning on January 18, 2023, Plaintiff noticed a warning on the Citicard website regarding suspicious activity, which was later confirmed by a letter sent via postal mail (see Exhibit 1-1: Citicard Letter). He subsequently discovered fraudulent charges on his Bank of America account and his Wells Fargo credit card.

**2.** Plaintiff promptly reported the fraudulent transactions to Wells Fargo (see Exhibit 1-2: Wells Fargo Letter). Realizing that the series of unauthorized transactions stemmed from an identity theft incident involving a SIM card swap, he swiftly filed a police report (see Exhibit 1-3: Police Report), submitted an FTC Identity Theft Report (see Exhibit 1-4: FTC Report),

and contacted all three major credit bureaus to place fraud alerts and freezes (see Exhibit 1-5: Experian Record as well as the Plaintiff's statement in Exhibit 1-4). As further detailed in Exhibit 2, these prompt and comprehensive actions were sufficient for other financial institutions involved—such as Citibank and Bank of America—to verify the fraud, permanently close the compromised accounts, and fully resolve the matter. Wells Fargo, however, responded differently and failed to bring the matter to a conclusion, despite Plaintiff's early and diligent efforts.

**3.** In February 2023, Plaintiff paid off $702.83 for legitimate transactions made prior to the identity theft (see Exhibit 3: Proof of Payment for Legitimate Transactions). Plaintiff also corresponded with Wells Fargo through its secure message system. Although the specific message is no longer accessible - having expired and been removed on March 8, 2023 - the record confirms that an executive officer at Wells Fargo sent an assuring message indicating that the matter had been resolved. Additionally, Wells Fargo issued letters dated June 22, 2023 (and later in November 2023) stating that "the unauthorized transactions that were reported did not post to your credit card account and will not appear on your credit card account statement" (see Exhibit 4: Fraud Acknowledgment Letters from Wells Fargo). This representation is consistent with the temporary improvement in Plaintiff's credit score observed shortly thereafter (see below), further supporting Plaintiff's belief that Wells Fargo had, at that time, acknowledged and addressed the identity theft incident.

In spite of all of this, Wells Fargo continued to issue erroneous bills, asserting additional charges even after the legitimate balance had been fully paid. These unexplained charges - totaling approximately $2,700 - were presented without detailed transaction records. For example, see Exhibit 5: Erroneous Billing Letters from Wells Fargo. Plaintiff reasonably suspects that these amounts stem from multiple unauthorized credit card accounts fraudulently opened under his name, as Wells Fargo had allowed the perpetrator to obtain numerous account numbers (see Exhibit 6).

Wells Fargo's mishandling of the incident had a direct and measurable impact on Plaintiff's credit score. As illustrated in the enclosed credit score plots (see Exhibit 7-1 and 7-2), Plaintiff's credit score plummeted from a near-excellent level of approximately 820 in early 2023 to around 620 within a few months. Although the score recovered to 790 around June 2023 - when Wells Fargo briefly corrected the record by acknowledging the fraud to credit bureaus - it later declined again to 540 (presently, just over 600) after Wells Fargo resumed reporting a new, unexplained balance. This ongoing damage to Plaintiff's credit score has resulted in real-world consequences, including higher insurance quotes and potential limitations in obtaining future credit.

4. Plaintiff has consistently and diligently attempted to resolve this matter without litigation. In addition to submitting documentation of the fraudulent charges and repeatedly requesting the permanent closure of the account - which, to the best of his recollection, was not closed until March 2024 - Plaintiff contacted Wells Fargo numerous times through phone calls, letters, and emails. Furthermore, Plaintiff filed a formal consumer complaint with the Arkansas Attorney General's Office in an attempt to resolve the matter through

administrative means. As shown in the enclosed email correspondence (see Exhibit 8: Previous Complaint Filings), the Attorney General's Office ultimately informed Plaintiff that they could not resolve the dispute and advised him of his right to seek relief through the courts.

**5.** Wells Fargo continued to issue contradictory statements and bills regarding remaining balances (see Exhibit 9: More Erroneous Billing Letter from Wells Fargo). Rather than permanently closing the account as Plaintiff repeatedly and explicitly requested - on over 50 occasions - Wells Fargo repeatedly reopened new accounts, often stating in their letters that they had "permanently closed" the prior account and "opened a new one." In one such letter, Wells Fargo listed seven separate account number changes; the actual number is likely closer to a dozen. This cycle persisted despite Plaintiff's clear and immediate disclosure that the matter involved identity theft. Unlike other financial institutions involved in the incident, which promptly and permanently closed the compromised accounts, Wells Fargo failed to take adequate or appropriate corrective action.

6. As a result, Plaintiff has incurred significant damages, including significant time spent attempting to resolve the issue, stress, and harm to credit score.

7. Plaintiff holds a Ph.D. in Physics (earned in 2000) and has been a longstanding Wells Fargo customer, having paid off a 30-year mortgage in just 11 years. His professional status, academic background, and personal integrity make his time particularly valuable and his reputation critically important. A résumé highlighting Plaintiff's background and qualifications is submitted as Exhibit.

### III. CLAIMS FOR RELIEF

Plaintiff brings the following claims under applicable federal and state laws:

1. Violations of the Fair Credit Billing Act (FCBA) 15 U.S.C. §1660 et seq.
Plaintiff asserts that Wells Fargo has violated the FCBA by failing to properly investigate and resolve the fraudulent charges on his account, despite timely notification.

2. Violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq.
Wells Fargo's continued erroneous reporting of the fraudulent charges to the credit bureaus is a violation of the FCRA, resulting in harm to Plaintiff's credit score.

3. Breach of Contract
Wells Fargo's failure to promptly resolve the fraudulent charges and close the account constitutes a breach of its contractual obligations to Plaintiff under the terms and conditions of the credit card agreement.

## IV. DAMAGES AND RELIEF REQUESTED

Plaintiff requests the following relief:

1. $18,000 in damages for time lost, based on an estimated 210 hours spent over the course of 30 months. Plaintiff believes that a reasonable time to resolve such a dispute would have been approximately 30 hours; the excess 180 hours represents time unreasonably consumed due to Defendant's handling of the matter. At a rate of $100 per hour, this results in $18,000 in damages.

2. Actual damages for mental distress, credit impairment, and harm resulting from Defendant's delay, separate from the time-based damages described above.

3. Compensatory damages for legal fees, lost time, and emotional distress.

4. Correction of credit reporting inaccuracies and removal of the fraudulent charges from credit records.

5. Any other relief the court deems just and proper.

## V. EXHIBITS

Note: The exhibits listed below are representative examples and are not exhaustive. Plaintiff possesses a substantial volume of additional documentation, including extended correspondence with Wells Fargo, which he intends to present at trial.

Plaintiff submits the following exhibits in support of his claims:

- Exhibit 1: Measures Taken When the Incident Was First Discovered
  - Exhibit 1.1 – *Citicard Letter dated January 18, 2023*, alerting Plaintiff to suspicious activity
  - Exhibit 1.2 – *Wells Fargo Letter dated January 24, 2023*, stating that a credit card application could not be processed due to Plaintiff's preexisting credit freeze
  - Exhibit 1.3 – *Police Report dated January 25*
  - Exhibit 1.4 – *FTC Identity Theft Report dated January 30*
  - Exhibit 1.5 – *Credit Bureau (Experian) Record* showing timely disputes and freezes

- Exhibit 2: Resolution Documents from Other Financial Institutions
  - Letters from other financial institutions related to fraud and resolution.

- Exhibit 3: Proof of Payment for Legitimate Transactions
  - Payments (February 8th 2023) made for legitimate charges prior to identity theft.

- Exhibit 4: Fraud acknowledging documents from Wells Fargo

  - Exhibit 4-1 - Wells Fargo Letter stating closure of the account
  - Exhibit 4-2 - Wells Fargo Message Center Correspondence (from executive office)
  - Exhibit 4-3 - Wells Fargo Letters stating no posting of the fraudulent charges

• Exhibit 5: Example of Erroneous Billing Letter from Wells Fargo (lacking transaction details)

• Exhibit 6: Wells Fargo Letters Confirming Closure and Reissuance of Accounts
 - Exhibit 6-1 - Letters from Wells Fargo stating that the original credit card account was permanently closed and a new account was opened (dated Feb 01 2023)
 - Exhibit 6-2 - Letter from Wells Fargo listing multiple account number changes in response to reported fraud (dated Dec 27 2023)

• Exhibit 7: Credit Suffering
 - Exhibit 7-1 - Credit Score Graph
 - Exhibit 7-2 - Credit Score Report

• Exhibit 8: Previous Complaint Filings
 - Consumer Complaint Form filed with the Arkansas Attorney General
 - Consumer Financial Protection Bureau (CFPB) Complaint email communications

• Exhibit 9: More Erroneous Billing Letter from Wells Fargo
 - Exhibit 9-1 – Billing Letter with no transaction list
 - Exhibit 9-2 – Outcome of Wells Fargo investigation of Plaintiff's complaint

• Exhibit 10: Documents about Plaintiff's Background
 - Resume

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff $18,000 in damages for time spent resolving the fraudulent charges.

2. Order Wells Fargo to correct its credit reporting and remove the fraudulent charges.

3. Award any additional relief as the Court deems just and proper.

**Respectfully Submitted**

Inyong Park
Plaintiff
12710 Misty Creek Dr.,
Little Rock, AR 72211
Email: ipark@philander.edu
Phone: 501-613-3180