## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **INYONG PARK,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 4:25-cv-612-LPR** |
| **WELLS FARGO BANK, N.A.,** | |
| **Defendant.** | |

## DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT FOR RESOLUTION OF IDENTITY THEFT, ERRONEOUS BILLING, AND DAMAGES

NOW COMES Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through undersigned counsel, and hereby responds to Plaintiff Inyong Park's ("Park" or "Plaintiff") Complaint for Resolution of Identity Theft, Erroneous Billing, and Damages (the "Complaint") as follows:

## I.    PARTIES AND JURISDICTION[1]

1.    Plaintiff, Inyong Park, is a resident of Pulaski County, Arkansas, residing at 12710 Misty Creek Dr., Little Rock, Arkansas 72211.

**RESPONSE:**    Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them.

2.    Defendant, Wells Fargo Bank, N.A., is a national bank and corporation with its principal place of business located at 420 Montgomery St., San Francisco, California. Wells Fargo does business in Pulaski County, Arkansas, and is registered to do business in the state of Arkansas.

---

[1] Wells Fargo adopts and restates the headings of the Complaint for convenience only. Wells Fargo does not admit the correctness of any of Plaintiff's allegations. Except as expressly admitted herein, Wells Fargo denies all allegations, contentions, headings, and other matters contained in the Complaint.

**RESPONSE:**    Wells Fargo admits that it is a federally insured bank engaged in business in Pulaski County, Arkansas and registered to conduct business in the state of Arkansas. Wells Fargo further responds that it is a national bank with an office located at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104. Except as expressly admitted herein, Wells Fargo denies all remaining allegations in this Paragraph.

3.    Venue is proper in this court pursuant to Ark. Code Ann. § 16-60-101, because the events giving rise to this complaint occurred in Pulaski County, and the Defendant conducts business within this jurisdiction.

**RESPONSE:**    The allegations of this Paragraph contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any further response is required, denied.

## II.    FACTUAL ALLEGATIONS

1.    Beginning on January 18, 2023, Plaintiff noticed a warning on the Citicard website regarding suspicious activity, which was later confirmed by a letter sent via postal mail (see Exhibit 1-1: Citicard Letter). He subsequently discovered fraudulent charges on his Bank of America account and his Wells Fargo credit card.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them.

2

2.      Plaintiff promptly reported the fraudulent transactions to Wells Fargo (see Exhibit 1-2: Wells Fargo Letter). Realizing that the series of unauthorized transactions stemmed from an identity theft incident involving a SIM card swap, he swiftly filed a police report (see Exhibit 1-3: Police Report), submitted an FTC Identity Theft Report (see Exhibit 1-4: FTC Report), and contacted all three major credit bureaus to place fraud alerts and freezes (see Exhibit 1¬5: Experian Record as well as the Plaintiff's statement in Exhibit 1-4). As further detailed in Exhibit 2, these prompt and comprehensive actions were sufficient for other financial institutions involved—such as Citibank and Bank of America—to verify the fraud, permanently close the compromised accounts, and fully resolve the matter. Wells Fargo, however, responded differently and failed to bring the matter to a conclusion, despite Plaintiff's early and diligent efforts.

**RESPONSE:**      This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them. To the extent any further response is required, denied.

3.      In February 2023, Plaintiff paid off $702.83 for legitimate transactions made prior to the identity theft (see Exhibit 3: Proof of Payment for Legitimate Transactions). Plaintiff also corresponded with Wells Fargo through its secure message system. Although the specific message is no longer accessible - having expired and been removed on March 8, 2023 - the record confirms that an executive officer at Wells Fargo sent an assuring message indicating that the matter had

been resolved. Additionally, Wells Fargo issued letters dated June 22, 2023 (and later in November 2023) stating that "the unauthorized transactions that were reported did not post to your credit card account and will not appear on your credit card account statement" (see Exhibit 4: Fraud Acknowledgment Letters from Wells Fargo). This representation is consistent with the temporary improvement in Plaintiff's credit score observed shortly thereafter (see below), further supporting Plaintiff's belief that Wells Fargo had, at that time, acknowledged and addressed the identity theft incident.

In spite of all of this, Wells Fargo continued to issue erroneous bills, asserting additional charges even after the legitimate balance had been fully paid. These unexplained charges ¬totaling approximately $2,700 - were presented without detailed transaction records. For example, see Exhibit 5: Erroneous Billing Letters from Wells Fargo. Plaintiff reasonably suspects that these amounts stem from multiple unauthorized credit card accounts fraudulently opened under his name, as Wells Fargo had allowed the perpetrator to obtain numerous account numbers (see Exhibit 6).

Wells Fargo's mishandling of the incident had a direct and measurable impact on Plaintiff's credit score. As illustrated in the enclosed credit score plots (see Exhibit 7-1 and 7-2), Plaintiffs credit score plummeted from a near-excellent level of approximately 820 in early 2023 to around 620 within a few months. Although the score recovered to 790 around June 2023 - when Wells Fargo briefly corrected the record by acknowledging the fraud to credit bureaus - it later declined again to 540 (presently, just over 600) after Wells Fargo resumed reporting a new, unexplained balance. This ongoing damage to Plaintiffs credit score has resulted in real-world consequences, including higher insurance quotes and potential limitations in obtaining future credit.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them. To the extent any further response is required, denied.

4.    Plaintiff has consistently and diligently attempted to resolve this matter without litigation. In addition to submitting documentation of the fraudulent charges and repeatedly requesting the permanent closure of the account - which, to the best of his recollection, was not closed until March 2024 - Plaintiff contacted Wells Fargo numerous times through phone calls, letters, and emails. Furthermore, Plaintiff filed a formal consumer complaint with the Arkansas Attorney General's Office in an attempt to resolve the matter through administrative means. As shown in the enclosed email correspondence (see Exhibit 8: Previous Complaint Filings), the Attorney General's Office ultimately informed Plaintiff that they could not resolve the dispute and advised him of his right to seek relief through the courts.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them. To the extent any further response is required, denied.

5.      Wells Fargo continued to issue contradictory statements and bills regarding remaining balances (see Exhibit 9: More Erroneous Billing Letter from Wells Fargo). Rather than permanently closing the account as Plaintiff repeatedly and explicitly requested - on over 50 occasions - Wells Fargo repeatedly reopened new accounts, often stating in their letters that they had "permanently closed" the prior account and "opened a new one." In one such letter, Wells Fargo listed seven separate account number changes; the actual number is likely closer to a dozen. This cycle persisted despite Plaintiffs clear and immediate disclosure that the matter involved identity theft. Unlike other financial institutions involved in the incident, which promptly and permanently closed the compromised accounts, Wells Fargo failed to take adequate or appropriate corrective action.

**RESPONSE:**      This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them. To the extent any further response is required, denied.

6.      As a result, Plaintiff has incurred significant damages, including significant time spent attempting to resolve the issue, stress, and harm to credit score.

**RESPONSE:**     This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them. To the extent any further response is required, denied.

7.     Plaintiff holds a Ph.D. in Physics (earned in 2000) and has been a longstanding Wells Fargo customer, having paid off a 30-year mortgage in just 11 years. His professional status, academic background, and personal integrity make his time particularly valuable and his reputation critically important. A résumé highlighting Plaintiffs background and qualifications is submitted as Exhibit.

**RESPONSE:**     This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speak for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this Paragraph, and, on that basis, denies them. To the extent any further response is required, denied.

## III.     CLAIMS FOR RELIEF

Plaintiff brings the following claims under applicable federal and state laws:

1.     Violations of the Fair Credit Billing Act (FCBA) 15 U.S.C. §1660 et seq. Plaintiff asserts that Wells Fargo has violated the FCBA by failing to properly investigate and resolve the fraudulent charges on his account, despite timely notification.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo expressly denies that it is liable to Park under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1660, *et seq*. To the extent any further response is required, denied.

2.    Violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq. Wells Fargo's continued erroneous reporting of the fraudulent charges to the credit bureaus is a violation of the FCRA, resulting in harm to Plaintiffs credit score.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo expressly denies that it is liable to Park under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. To the extent any further response is required, denied.

3.    Breach of Contract Wells Fargo's failure to promptly resolve the fraudulent charges and close the account constitutes a breach of its contractual obligations to Plaintiff under the terms and conditions of the credit card agreement.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo expressly denies that it is liable to Park under a theory of breach of contract under Arkansas law. To the extent any further response is required, denied.

## IV.    DAMAGES AND RELIEF REQUESTED

Plaintiff requests the following relief:

1.    $18,000 in damages for time lost, based on an estimated 210 hours spent over the course of 30 months. Plaintiff believes that a reasonable time to resolve such a dispute would have

been approximately 30 hours; the excess 180 hours represents time unreasonably consumed due to Defendant's handling of the matter. At a rate of $100 per hour, this results in $18,000 in damages.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any further response is required, Wells Fargo denies that it bears any liability to Park, including but not limited to liability for any damages described, alleged, or identified herein.

2.    Actual damages for mental distress, credit impairment, and harm resulting from Defendant's delay, separate from the time-based damages described above.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any further response is required, Wells Fargo denies that it bears any liability to Park, including but not limited to liability for any damages described, alleged, or identified herein.

3.    Compensatory damages for legal fees, lost time, and emotional distress.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any further response is required, Wells Fargo denies that it bears any liability to Park, including but not limited to liability for any damages described, alleged, or identified herein.

4.    Correction of credit reporting inaccuracies and removal of the fraudulent charges from credit records.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any further

response is required, Wells Fargo denies that it bears any liability to Park, including but not limited to liability for any damages described, alleged, or identified herein.

5.    Any other relief the court deems just and proper.

**RESPONSE:**    This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent any further response is required, Wells Fargo denies that it bears any liability to Park, including but not limited to liability for any damages described, alleged, or identified herein.

## V.    EXHIBITS

Note: The exhibits listed below are representative examples and are not exhaustive. Plaintiff possesses a substantial volume of additional documentation, including extended correspondence with Wells Fargo, which he intends to present at trial.

Plaintiff submits the following exhibits in support of his claims:

- Exhibit 1: Measures Taken When the Incident Was First Discovered
  - Exhibit 1.1 - Citicard Letter dated January 18, 2023, alerting Plaintiff to suspicious activity
  - Exhibit 1.2 – Wells Fargo Letter dated January 24, 2023, stating that a credit card application could not be processed due to Plaintiffs preexisting credit freeze
  - Exhibit 1.3 – Police Report dated January 25
  - Exhibit 1.4 – FTC Identity Theft Report dated January 30
  - Exhibit 1.5 – Credit Bureau (Experian) Record showing timely disputes and freezes

- Exhibit 2: Resolution Documents from Other Financial Institutions - Letters from other financial institutions related to fraud and resolution.

- Exhibit 3: Proof of Payment for Legitimate Transactions - Payments (February 8th 2023) made for legitimate charges prior to identity theft.

- Exhibit 4: Fraud acknowledging documents from Wells Fargo
  - Exhibit 4-1 – Wells Fargo Letter stating closure of the account
  - Exhibit 4-2 – Wells Fargo Message Center Correspondence (from executive office)
  - Exhibit 4-3 – Wells Fargo Letters stating no posting of the fraudulent charges

- Exhibit 5: Example of Erroneous Billing Letter from Wells Fargo (lacking transaction details)

- Exhibit 6: Wells Fargo Letters Confirming Closure and Reissuance of Accounts
  - Exhibit 6-1 – Letters from Wells Fargo stating that the original credit card account was permanently closed and a new account was opened (dated Feb 01 2023)
  - Exhibit 6-2 – Letter from Wells Fargo listing multiple account number changes in response to reported fraud (dated Dec 27 2023)

- Exhibit 7: Credit Suffering
  - Exhibit 7-1 – Credit Score Graph
  - Exhibit 7-2 – Credit Score Report

- Exhibit 8: Previous Complaint Filings
  - Consumer Complaint Form filed with the Arkansas Attorney General
  - Consumer Financial Protection Bureau (CFPB) Complaint email communications

- Exhibit 9: More Erroneous Billing Letter from Wells Fargo
  - Exhibit 9-1 – Billing Letter with no transaction list
  - Exhibit 9-2 – Outcome of Wells Fargo investigation of Plaintiffs complaint

- Exhibit 10: Documents about Plaintiffs Background
  - Resume

**RESPONSE**:        This Paragraph contains legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied. To the extent a further response is required, Wells Fargo responds that the allegations of this Paragraph appear to reference written documents, the contents of which speaks for themselves. To the extent the allegations of this Paragraph misstate, mischaracterize, or misquote such documents, denied. To the extent a further response is required, denied.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Wells Fargo hereby asserts the following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Wells Fargo and fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims fail to the extent that they are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance)

Wells Fargo's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's claims fail to the extent any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Wells Fargo continues to deny, were the direct and proximate result of the conduct of Plaintiff or others and not Wells Fargo.

## SIXTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

Plaintiff's claims against Wells Fargo fail to the extent that Plaintiff seeks to hold Wells Fargo liable, vicariously or otherwise, for the acts or omissions of others.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Statutory Damages)**

Plaintiff cannot recover from Wells Fargo for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claims. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**NINTH AFFIRMATIVE DEFENSE**
**(Injury-In-Fact)**

Plaintiff cannot recover from Wells Fargo under the Complaint to the extent that she has not alleged or cannot maintain an actual injury-in-fact as this deprives this Court of jurisdiction.

**TENTH AFFIRMATIVE DEFENSE**
**(Standing)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks standing to bring the claims pleaded in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Barred Claims)**

Wells Fargo avers that some or all of the claims made in the Complaint are barred because the claims of Plaintiff may be barred, in whole or in part, by the principles of release, waiver, res

13

judicata, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

## TWELFTH AFFIRMATIVE DEFENSE
### (Improper Purpose)

Upon information and belief, Wells Fargo avers that some or all of the claims made in the Complaint are brought in bad faith and for the purposes of harassment.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Wells Fargo avers that the Complaint is barred because granting Plaintiff relief on any claims in the Complaint would unjustly enrich Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Jurisdiction)

Plaintiff's claims in the Complaint are barred, in whole or in part, because this Court lacks subject matter jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Service)

Plaintiff's claims in the Complaint are barred, in whole or in part, because Plaintiff failed to properly serve Wells Fargo in accordance with the Arkansas Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's claims in the Complaint are barred, in whole or in part, because Plaintiff's claims are subject to a binding and enforceable arbitration provision.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Jurisdiction)

Plaintiff's claims in the Complaint are barred, in whole or in part, because this Court lacks personal jurisdiction over Wells Fargo.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (FCBA)

Plaintiff's claims in the Complaint are barred, in whole or in part, because Wells Fargo did not willfully or negligently violate the FCBA or any other legal requirement thereunder.

## NINETEENTH AFFIRMATIVE DEFENSE
### (FCRA)

Plaintiff's claims in the Complaint are barred, in whole or in part, because Wells Fargo did not willfully or negligently violate the FCRA or any other legal requirement thereunder.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Damages)

Plaintiff's claims in the Complaint are barred, in whole or in part, because Plaintiff did not suffer any actual damages.

WHEREFORE, Wells Fargo Bank, N.A. respectfully requests that this Court:

1.    Dismiss Park's Complaint with prejudice.

2.    Award Wells Fargo its costs and expenses incurred herein; and,

3.    Award Wells Fargo any and all additional relief as the Court deems just and proper.

DATED:  June 25, 2025

Respectfully submitted,

Katie Beth Nichols, #2024140
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas 72201
(501) 370-1453 – phone
(501) 735-8840 – fax
kbnichols@fridayfirm.com

By: */s/ Katie Beth Nichols*
    KATIE BETH NICHOLS

*Attorney for Defendant Wells Fargo Bank, N.A.*

15

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing was filed by ECF, which will serve a copy to all parties and counsel of record. I further certify that a copy of the foregoing was served by first class mail, postage prepaid, on this 25th day of June 2025 upon the following:

              Inyong Park
              12710 Misty Creek Drive
              Little Rock, AR 72211
              Email: ipark@philander.edu
              Phone: (501) 613-3180

              *Pro se Plaintiff*

                              */s/ Katie Beth Nichols*
                              Katie Beth Nichols